IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY HASTINGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2187 |
| | § | |
| BANK OF AMERICA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is pro se Plaintiff Tommy Hasting's ("Plaintiff") Motion to Remand (Document No. 5). After carefully considering the motion, response, reply and the applicable law, the Court concludes that the case must be remanded to the 410th Judicial District Court, Montgomery County, Texas.

Plaintiff filed his Original Petition in state court, alleging state law causes of action for negligence, defamation, and breach of fiduciary duty against Bank of America Corporation ("Defendant").[1] Plaintiff alleges that he entered a contract to sell certain property in July 2012, and before closing, representatives for Defendant, which evidently had a mortgage on the property, instructed Plaintiff to make no more payments prior to the August closing. After August, however, Defendant reported Plaintiff as having made a late payment, causing negative

---

[1] Document No. 1, ex. A (Orig. Pet.).

information to be filed with major credit bureaus.[2] Defendant removed the suit to federal court solely on the basis of federal question jurisdiction, alleging that this Court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p, and that Plaintiff's claims are completely preempted under 15 U.S.C. § 1681t.[3]

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal procedure is properly followed. The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998). Any doubt about the propriety of the removal is to be resolved in favor of remand. See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

Federal jurisdiction based on a federal question exists if a plaintiff's well-pleaded complaint raises a claim that arises under federal law. 28 U.S.C. § 1331; Louisville & N.R. Co. v. Mottley, 29 S. Ct. 42 (1908). Generally, a plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively on state law. Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987). "A defendant cannot establish federal question

---

[2] Id., ex. A at 2-3.

[3] Document No. 1 at 2.

2

jurisdiction merely by showing that federal law will 'apply' to a case or that there is a 'federal issue' in the plaintiff's state law causes of action." Heston v. AAA Apartment Locating, No. C-09-151, 2009 WL 2244497, at *3 (S.D. Tex. July 24, 2009) (citing Carpenter v. Wichita Falls Indemnity. Sch. District., 44 F.3d 362, 366 (5th Cir. 1995)).

A narrow exception to the well-pleaded complaint rule exists, however, when Congress has so completely preempted a particular area of law "that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 107 S.Ct. 1542, 1546 (1987). Thus, the Supreme Court has construed § 301 of the Labor Management Relations Act to authorize removal of proceedings that relied only on state law, Avco Corp. v. Aero Lodge No. 735, 88 S.Ct. 1235 (1968); found that § 502(a) of ERISA constituted such complete preemption as to authorize the removal of a case alleging only state law claims, Taylor, 107 S. Ct. 1542; and held that §§ 85 and 86 of the National Bank Act so wholly displaced state law causes of action for usury that even those pled under state law are to be construed as arising under the federal act and are therefore removable. Beneficial Nat'l Bank v. Anderson, 123 S.Ct. 2058 (2003).

In order to establish complete preemption, the defendant must show that (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the

analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that the federal action be exclusive. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008) (citing Beneficial Nat'l Bank v. Anderson, 123 S.Ct. 2058 (2003)).

In his Original Petition, Plaintiff does not seek relief under any federal law and, although he may have been able to allege a claim under the FCRA, he did not do so.[4] Defendant argues that Section 1681h(e) of the FCRA completely preempts state law defamation and negligent reporting claims and that this Court therefore has subject matter jurisdiction.[5] Section 1681h(e) provides that:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against [. . .] any person who furnishes information to a consumer reporting agency [. . .] except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C.A. § 1681h(e). The courts have consistently held that Section 1681h(e) creates a preemption defense against state law

---

[4] Document No. 1, ex. A.

[5] Document No. 6 at 3. Although Defendant asserted that Plaintiff's claims are completely preempted by Section 1681t in its Notice of Removal (Document No. 1), it implicitly abandons that argument in its Opposition to Plaintiff's Motion to Remand (Document No. 6), now relying solely on Section 1681h(e).

4

claims for defamation or negligence that do not allege malice. *See, eg.*, <u>Morris v. Equifax Info. Servs., LLC</u>, 457 F.3d 460, 470-71 (5th Cir. 2006).

Defendant's assertion that Plaintiff's claims are "completely preempted" by Section 1681h(e), however, confuses ordinary preemption with complete preemption.[6] The Fifth Circuit explained the distinction as follows:

> Ordinarily, the term federal preemption refers to ordinary preemption, which is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. By way of contrast, complete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law. As such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims for relief or if the federal issue is initially raised solely as a defense.

<u>Johnson v. Baylor Univ.</u>, 214 F.3d 630, 632 (5th Cir. 2000) (citing <u>Heimann v. Nat'l Elevator Indus. Pension Fund</u>, 187 F.3d 493, 500 (5th Cir. 1999)). The question here is not whether Plaintiff's state law claims are able to withstand Defendant's preemption defense, but whether this Court has subject matter removal jurisdiction to hear Plaintiff's state law claims. *See* <u>Shaner v. Fleet Bank</u>, 132 F.Supp.2d 953, 957 (M.D. Ala. 2001) ("[T]he fact that a complaint alleges willful and malicious conduct 'misses the

---

[6] Document No. 6 at 5.

point' because whether 'a particular state cause of action is preempted is irrelevant to whether removal of it is appropriate.'") (quoting Swecker v. Trans Union Corp., 31 F.Supp.2d 536, 539 (E.D.Va. 1998)).[7]

It is undisputed that the FCRA satisfies the first two prongs of the Gutierrez test; it contains a civil enforcement provision and specifically grants jurisdiction to the federal courts. Meisel v. USA Shade and Fabric Structures Inc., 795 F.Supp.2d 481, 486 (N.D. Tex. 2011). In order to establish complete preemption, however, Defendant must also show that Congress intended for the federal cause of action under the FCRA to be exclusive.[8] See Beneficial, 123 S.Ct. at 2064. Although the Fifth Circuit appears not to have decided this question, "many district courts have considered the issue and concluded that complete preemption is lacking." Galaz v. Chase Bank USA, N.A., CIV.A. SA-11-CA-0646, 2011 WL 6739612 at *3 (W.D. Tex. Dec. 21, 2011) (remanding case to state court); see also, e.g., Ortiz v. Nat'l City Home Loan Servs.,

---

[7] The cases relied upon by Defendant may support its defense against Plaintiff's suit, but they discuss only ordinary preemption. None of them answers the jurisdictional question of whether FCRA so displaces all state law as to require that these claims be construed as having been alleged under FCRA, thereby conferring on the Court removal jurisdiction.

[8] Before 2003, the third prong required a clear Congressional intent that claims brought under the federal law be removable, but Beneficial Nat'l Bank v. Anderson, 123 S.Ct. 2058 (2003), shifted the focus to Congress's intent that the federal action be exclusive. Gutierrez, 543 F.3d at 252.

Inc., Civ. A. No. H-09-2033, 2009 WL 3255088, at *3 (S.D.Tex. Sept. 29, 2009) (Hoyt, J.) (case remanded to state court, *holding*, "Assuming that any state law claim is preempted, it is, nevertheless, not a basis for removal. It is simply an affirmative defense."); Fiume Indus., Inc. v. Am. Exp. Travel Related Servs. Co., Inc., CIV.A. 4:09-CV-591, 2009 WL 4667542 (S.D. Tex. Dec. 1, 2009) (Johnson, M.J.) (case remanded to state court, *holding*, "As Defendant has not provided, nor has the court uncovered in its own research, any authority to support a finding that the FCRA satisfies the third prong of the Gutierrez test, the court finds that the FCRA does not completely preempt Plaintiff's state law defamation claim so as to make it removable to federal court."); see also, e.g., Meissel, 795 F. Supp. 2d at 491 (case remanded to state court, *holding*, "Bank has failed to carry its burden to show that Congress clearly intended for civil actions against furnishers of credit information to be exclusively litigated in federal court, the court lacks federal-question jurisdiction, and this case should be remanded to the state court from whence it came.").

Defendant argues that these precedents are distinguishable because the cases cited by Plaintiff, unlike the present case, all alleged false reporting with "malice or willful intent to injure," which is specifically excluded from Section 1681h.[9] The distinction that Defendant raises--that Congress specifically

---

[9] Document No. 6 at 5-6.

7

excluded from the FCRA's preemptive language claims of defamation, invasion of privacy, and negligence in false credit reporting done with malice or willful intent to injure--demonstratively shows that Congress did not intend for the FCRA fully to occupy the field of all false credit reporting or wholly to displace all state law pertaining to false reporting. *See* Beneficial, 123 S. Ct. at 2058. This is quite different from § 301 of the LMRA, § 502(a) of ERISA, or §§ 85 and 86 of the National Bank Act, where the Supreme Court found bases for complete jurisdictional preemption. Indeed, Defendant has identified no authority holding that a federal court has removal jurisdictional over state law claims of false credit reporting based on complete jurisdictional preemption under the FCRA; the cases on which Defendant relies discuss preemption only as a defense.

In his Taylor concurrence, Justice Brennan emphasized the narrowness of the holding, noting that "[i]n future cases involving other statutes, the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court." Id. at 1548 (Brennan, J., concurring) (emphasis in original). "Remand is proper when there is any doubt as to the existence of federal jurisdiction." Noyola v. Oasis Car Wash, Inc., 220 F. Supp. 2d 638, 640 (E.D. Tex. 2002). Although Defendant in state court may well prevail against Plaintiff's state law claims with a defense of

8

federal preemption, it has not met its burden to show that this Court has jurisdiction over those state law claims. Accordingly, it is

ORDERED that Plaintiff Tommy Hastings's Motion to Remand (Document No. 5) is GRANTED, and this case is REMANDED to the 410th Judicial District Court, Montgomery County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 410th Judicial District Court of Montgomery County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 4TH day of October, 2013.

*[signature]*

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE